**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eugene Allen Doerr,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　Respondents. | No. CV-02-582-PHX-PGR<br><br>DEATH PENALTY CASE<br><br>**ORDER GRANTING RELIEF<br>UNDER FED. R. CIV. P. 60(B)** |

On September 28, 2009, this Court issued a Memorandum of Decision and Order and entered Judgment denying with prejudice Petitioner's First Amended Petition. (Dkts. 141, 142.)[1] Petitioner filed a notice of appeal on October 27, 2009. (Dkt. 144.) Subsequently, Petitioner discovered that the Court had failed to rule on Claim 36 in the petition. Now before the Court is Petitioner's request to entertain a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, along with his lodged 60(b) motion. (Dkt. 146.) Respondents concede that Petitioner is entitled to relief from judgment so that the Court may rule on his outstanding claim. (Dkt. 147.)

**Jurisdiction**

Generally, the filing of a notice of appeal divests the district court of jurisdiction to consider a motion for relief from judgment. *See Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 772 (9th Cir. 1986). In the typical case, the proper procedure is to ask the district

---
[1] "Dkt." refers to the documents in this Court's file.

court whether it wishes to entertain a Rule 60(b) motion, or to grant it, and then for the district court to move in the Ninth Circuit for remand of the case. *See Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004). However, when a notice of appeal is defective, in that it refers to a non-appealable interlocutory order, the notice does not transfer jurisdiction to the appellate court and the district court retains jurisdiction to enter a final order. *See Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007) (citing *Ruby v. Secretary of Navy*, 365 F.2d 385, 388-89 (9th Cir. 1966) (en banc)). Where the deficiency in the notice of appeal is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing it has not been deprived of jurisdiction. *Ruby*, 365 F.2d at 389.

Here, the Court inadvertently overlooked one of Petitioner's claims and entered judgment without ruling on that issue. Thus, the Judgment Order was not a final ruling and Petitioner's notice of appeal did not vest jurisdiction in the Court of Appeals under 28 U.S.C. § 1291. *See National Distribution Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433 (9th Cir. 1997) (a district court ruling is final for purposes of § 1291 only if it is a full adjudication of the issues); *see also Citicorp Real Estate v. Smith*, 155 F.3d 1097, 1101 (9th Cir. 1998) (a decision is not final if it is tentative, informal, or incomplete). Accordingly, this Court retains jurisdiction to consider Petitioner's Rule 60(b) motion without a remand from the Ninth Circuit Court of Appeals. *See Nascimento*, 508 F.3d at 908.

**Rule 60(b) Motion**

Under Rule 60(b)(1), a party may seek to correct a judgment on the grounds of inadvertence or mistake. *See TGI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001) (under Rule 60(b)(1) the district court has discretion to vacate judgment in order to reach the merits of questions that have not been decided); *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999) (the scope of Rule 60(b)(1) includes the power to correct judgments due to judicial oversight); *see generally American Trucking Ass'n v. Frisco Transp. Co.*, 358 U.S. 133, 145 (1958). Such motion must be made within

one year after entry of judgment. Fed. R. Civ. P. 60(c)(1).

As already noted, this Court inadvertently overlooked one of Petitioner's claims in entering an order purporting to address all of the remaining issues in Petitioner's amended habeas petition. It therefore concludes that Petitioner's timely and unopposed motion for relief from judgment pursuant to Rule 60(b)(1) should be granted.

**Habeas Claim 36**

Petitioner contends that he is mentally ill and that the Eighth Amendment prohibits execution of the mentally ill. (Dkt. 82 at 252-66, citing *Atkins v. Virginia*, 536 U.S. 304 (2002), which held that the Eighth Amendment prohibits a state from executing a mentally retarded person.) Respondents assert that Petitioner failed to present Claim 36 in state court and that the claim is now technically exhausted but procedurally defaulted because Petitioner has no available state remedies. (Dkt. 99 at 137.) Petitioner responds that the claim was exhausted by virtue of the state supreme court's independent sentencing review. (Dkt. 105 at 7-17.) Alternatively, he argues that he has an available state remedy. (*Id.* at 151-52.) The Court disagrees.

Petitioner did not present Claim 36 in state court. (*See* Dkt. 99, Ex. B.) The Arizona Supreme Court conducted its statutorily-required independent review of Petitioner's sentence to assess the trial court's findings of aggravation and mitigation and the propriety of imposing the death penalty. *See State v. Doerr*, 193 Ariz. 56, 67, 969 P.2d 1168, 1179 (1998) (citing A.R.S. § 13-703.01). However, Claim 36 goes far beyond the stated scope of that review. *See Moormann v. Schriro*, 426 F.3d 1044, 1057-58 (9th Cir. 2005). Certainly, the Arizona Supreme Court's review of Petitioner's 1996 death sentence did not include an evaluation of *Atkins*, a Supreme Court precedent yet to be handed down. Thus, Claim 36 was not exhausted by the state supreme court's sentencing review.

Petitioner also argues that he has an available state court remedy. Rule 32 of the Arizona Rules of Criminal Procedure governs state post-conviction relief (PCR) proceedings and provides that a petitioner is precluded from relief on any claim that could have been

raised on appeal or in a prior PCR petition. Ariz. R. Crim. P. 32.2(a)(3). The preclusive effect of Rule 32.2(a) may be avoided only if a claim falls within certain exceptions (subsections (d) through (h) of Rule 32.1) and the petitioner can justify why the claim was omitted from a prior petition or not presented in a timely manner. *See* Ariz. R. Crim. P. 32.1(d)-(h), 32.2(b), 32.4(a).

As already noted, Petitioner relies on *Atkins* holding that the Eighth Amendment prohibits a state from executing a mentally retarded person. He argues that *Atkins* should be extended to include a prohibition against executing one is who mentally ill. He further argues that he has an available remedy to exhaust this claim in state court because *Atkins* established a significant, retroactive change in the law, rendering it exempt from preclusion under Rules 32.1(g) and 32.2(b).

Under Arizona law, a colorable claim of post-conviction relief is one that, if the allegations are true, might have changed the outcome. *State v. Runningeagle*, 176 Ariz. 59, 63, 859 P.2d 169, 173 (1993). A claim based on Rule 32.1(g) is colorable if "there has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence." Ariz. R. Crim. P. 32.1(g) (West 2010).

The Court finds that Petitioner does not have an available state court remedy. First, Rule 32.2(b) specifically requires that petitioners pursue successive post-conviction relief in a timely manner or suffer summary dismissal. *See* Ariz. R. Crim. P. 32.2(b) (requiring successive PCR notice to set forth reasons for not raising claim in timely manner); *see also State v. Shrum*, 220 Ariz. 115, 118, 203 P.2d 1175, 1178 (2009) (noting that post-conviction rules require that claims be raised promptly). The Court handed down the *Atkins* decision in 2002, and this Court concludes that no state court would find "meritorious reasons" for the delay in pursuing this claim. Ariz. R. Crim. P. 32.2(b). More significantly, Arizona courts narrowly construe the "significant change in the law" preclusion exception to claims that clearly fall within the parameters of the new caselaw. *See State v. Jackson*, 209 Ariz. 13, 15-17, 97 P.3d 113, 115-17 (App. 2004). In *Atkins*, the Supreme Court held that the Eighth

Amendment prohibits execution of the mentally retarded, not the mentally ill. *See Atkins*, 536 U.S. at 317. Therefore, a claim alleging that *Atkins* prohibits execution of the mentally ill is not colorable under Rule 32.1(g).

Moreover, the authorities that have considered the scope of *Atkins* have all rejected the proposition that the Eighth Amendment prohibits execution of the mentally ill. *See Carroll v. Secretary, DOC, FL*, 574 F.3d 1354, 1369 (11th Cir. 2009); *Shisinday v. Quarterman*, 511 F.3d 514, 521 (5th Cir. 2007); *Baird v. Davis*, 388 F.3d 1110, 1114-15 (7th Cir. 2004); *Lawrence v. State*, 969 So.2d 294, 300 (Fl. 2007); *Lewis v. State*, 620 S.E.2d 778, 786 (Ga. 2005); *Matheny v. State*, 833 N.E.2d 454, 458 (Ind. 2005); *State v. Johnson*, 207 S.W.3d 24, 51 (Mo. 2006); *State v. Hancock*, 840 N.E.2d 1032, 1059-60 (Oh. 2006); *Commonwealth v. Baumhammers*, 960 A.2d 59, 96-97 (Penn. 2008); *Coleman v. State*, No. W2007-02767-CCA-R3-PD, 2010 WL 118696 (Tenn. Crim App., Jan. 13, 2010).

This Court concludes that Petitioner cannot now return to state court to exhaust this claim because it does not allege facts or law exempting it from preclusion and untimeliness under Rules 32.2(a)(3) and 32.4(a) of the Arizona Rules of Criminal Procedure. *See* Ariz. R. Crim. P. 32.2(b), 32.1(d)-(h) (West 2010). Thus, the claim is technically exhausted but procedurally defaulted due to the lack of an available state court remedy. *See Coleman v. Thompson*, 501 U.S. 722, 732, 735 n.1 (1991); *Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (stating that the district court must consider whether the claim could be pursued by any presently available state remedy). Claim 36 is procedurally barred absent a showing of cause and prejudice or a fundamental miscarriage of justice.

As cause, Petitioner alleges that trial counsel performed ineffectively by failing to hire the proper mental health experts who would have accurately diagnosed and described his brain seizures at the time of the crime. (Dkt. 105 at 152.) Before a claim of ineffective assistance of counsel may be utilized as cause to excuse a procedural default, it must first be exhausted in state court as an independent claim. *See Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000); *Murray v. Carrier*, 477 U.S. 478, 489-90 (1986); *Tacho v. Martinez*, 862 F.2d

1376, 1381 (9th Cir. 1988). During PCR proceedings, Petitioner did not present this particular ineffectiveness allegation as an independent claim. Therefore, Petitioner did not exhaust this claim, and it cannot establish cause. Because Petitioner has failed to establish cause, there is no need to address prejudice. *See Thomas v. Lewis*, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991). Petitioner does not allege that a fundamental miscarriage of justice will occur if this claim is not addressed on the merits. (Dkt. 105 at 152.) Petitioner having failed to establish grounds to excuse his default, Claim 36 is procedurally barred.

**Conclusion**

For the reasons set forth herein, the Court determines that it has jurisdiction to consider Petitioner's motion for relief from judgment under Rule 60(b)(1). The Court further finds that Petitioner is entitled to relief from judgment and will direct the Clerk of Court to vacate the Judgment Order entered on September 28, 2009. The Court has also considered the last of Petitioner's outstanding claims for habeas relief and determined that it is procedurally barred. Therefore, the Court concludes that Petitioner is not entitled to habeas relief and will direct the Clerk to enter judgment. Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court has considered whether reasonable jurists could debate its resolution of Claim 36 and for the reasons set forth above declines to issues a Certificate of Appealability as to this claim.

Based on the foregoing,

**IT IS HEREBY ORDERED** that Petitioner's Request to Entertain Motion for Relief from Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Dkt. 146) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file Petitioner's lodged Motion for Relief from Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Dkt. 146, Appendix A.)

**IT IS FURTHER ORDERED** that Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall vacate the Judgment Order entered on September 28, 2009 (Dkt. 142).

**IT IS FURTHER ORDERED** that, the Court having considered and found procedurally barred the last of Petitioner's outstanding claims, Petitioner's First Amended Petition for Writ of Habeas Corpus (Dkt. 82) is **DENIED WITH PREJUDICE.** The Clerk of Court shall enter judgment accordingly.

DATED this 10th day of February, 2010.

Paul G. Rosenblatt
United States District Judge