**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Eugene Allen Doerr, | ) | No. CV-02-582-PHX-PGR |
| Petitioner, | ) | <u>DEATH PENALTY CASE</u> |
| vs. | ) | |
| Charles L. Ryan, et al., | ) | **ORDER** |
| Respondents. | ) | |

Before the Court is Petitioner's motion to alter or amend judgment filed pursuant to Fed. R. Civ. P. 59(e). (Dkt. 151.) In his present motion, Petitioner challenges the Court's resolution of Claim 36. (*Id.*)

A motion to alter or amend judgment under Rule 59(e) is in essence a motion for reconsideration. *See McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (per curiam). Motions for reconsideration are disfavored and appropriate only if the court is presented with newly discovered evidence, if the court committed clear error or made a decision that was manifestly unjust, or there is an intervening change in controlling law. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). A motion for reconsideration is not a forum for the moving party to make new arguments not raised in the original briefs, *id.*, nor is it the time to ask a court to "rethink what is has already thought through," *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (quotation omitted).

Petitioner attempts to have this Court consider arguments contending that it would be

a fundamental miscarriage of justice not to excuse the procedural default of Claim 36 and review the merits of this claim. (Dkt. 151 at 2.) These arguments could have been raised in the original briefing but were not. (*See* Dkt. 148 at 6; Dkt. 105 at 52.) They are not appropriate at this juncture in a motion for reconsideration. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Motion to Alter or Amend Judgment (Dkt. 151) is **DENIED**.

DATED this 31st day of March, 2010.

Paul G. Rosenblatt
United States District Judge