**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eugene Allen Doerr,<br><br>Petitioner,<br><br>v.<br><br>David Shinn, *et al.*,<br><br>Respondents. | No. CV-02-00582-PHX-JJT<br><br>**ORDER**<br><br><u>DEATH PENALTY CASE</u> |

Before the Court is Respondents' Motion to Stay Court Order of February 3, 2020. (Doc. 191.) This case is on remand from the Ninth Circuit Court of Appeals for consideration, in part, of the effect on Doerr's habeas claims of *McKinney v. Ryan*, 813 F.3d 798 (9th Cir. 2015) (en banc), *cert. denied*, 137 S. Ct. 39 (2016). The Court's order of February 3, 2020, granted Doerr's writ of habeas corpus as to his sentence "unless the State of Arizona, within 120 days from the entry of this Judgment, initiates proceedings either to correct the constitutional error in Doerr's death sentence or to vacate the sentence and impose a lesser sentence consistent with the law." (Doc. 189.)

Respondents seek to stay the order "pending final resolution of their appeal to the Ninth Circuit Court of Appeals and, if necessary, the United States Supreme Court." (Doc. 191 at 1.) Doerr opposes the motion.[1] (Doc. 195.) For the reasons set forth below, Respondents' motion is denied.

---

[1] In his response, Doerr indicated that he did not oppose a limited stay pending the United States Supreme Court's resolution of *McKinney v. Arizona*, No. 18-1109 (U.S., argued Dec. 11, 2019). The Court issued its opinion on February 25, 2020.

## I. Legal Standard

The determination whether to permit a stay pending the appeal of a decision granting habeas relief is governed by the standard set forth in *Hilton v. Braunskill*, 481 U.S. 770 (1987). In *Hilton*, the Supreme Court articulated four factors the district court should consider in determining whether to grant a stay: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits or has a substantial case on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies. *Id.* at 776, 778.

The Ninth Circuit has explained that this test "represent[s] the outer reaches of a single continuum." *Golden Gate Rest. Ass'n v. City & Cty. of San Francisco*, 512 F.3d 1112, 1115–16 (9th Cir. 2008) (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983)). "At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury." *Id.* (quoting *Natural Res. Def. Council, Inc. v. Winter*, 502 F.3d 859, 862 (9th Cir. 2007)). "At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Id.* at 1116 (quoting *Lopez*, 713 F.2d at 1435). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.* (quoting *Winter*, 502 F.3d at 862).

## II. Analysis

Respondents contend that they are likely to succeed on appeal. (Doc. 191 at 3.) The Court disagrees.

Respondents first argue that the Court erred in its analysis by failing to apply AEDPA deference to the Arizona Supreme Court's decision upholding Doerr's sentence.[2] Respondents assert that viewing the decision with proper deference compels a finding that the state court appropriately "considered" Doerr's mitigating evidence before permissibly

---

[2] Antiterrorism and Effective Death Penalty Act of 1996. 28 U.S.C. § 2254 *et seq.*

reducing the "weight" given to Doerr's abusive-childhood mitigation because of his failure to show a causal nexus to the offense. This argument fails. In *McKinney* itself, the Ninth Circuit applied AEDPA deference to its review of the state courts' findings regarding mitigation and found error despite the state courts' similar "consideration" of McKinney's evidence that he suffered from PTSD. 813 F.3d at 810–11, 821. As in this Court's review of Doerr's case, such deference does not foreclose a finding of *Eddings* error.[3]

Next, Respondents argue that the holding in *McKinney* does not affect this court's previous analysis of the *Eddings* issue. (*See* Docs. 141 at 31–32, 189 at 14.) *McKinney*, however, specifically rejected the analysis that this Court previously applied in finding that the state courts properly "considered" Doerr's mitigating evidence and used the causal-connection test only as a weighing device. Instead, in *McKinney* the Ninth Circuit explicitly noted that both the trial court and the Arizona Supreme Court "considered" the petitioner's childhood abuse and PTSD evidence to the extent they discussed it in their rulings. 813 F.3d at 809–10, 820. The court determined, however, that the state courts' discussion of the mitigating evidence alone was not sufficient under *Eddings* to give effect to the evidence in the face of the causal-connection test under which the evidence was entitled to no weight in the absence of a nexus to the crime. *Id.* at 819–21.

Respondents finally argue that the Court erred in its harmless error analysis. The Court disagrees. The harmless-error standard provides that "relief must be granted" if the error "'had substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). If a federal habeas judge is in "grave doubt" about whether a constitutional trial error "had substantial and injurious effect or influence in determining the jury's verdict," the error is not harmless and "the petitioner must win." *O'Neal v. McAninch*, 513 U.S. 432, 436, 445 (1995).

In *McKinney*, the Ninth Circuit found that the *Eddings* error was not harmless where "McKinney presented evidence of severe, prolonged childhood abuse" and was diagnosed

---

[3] *Eddings v. Oklahoma*, 455 U.S. 104 (1982), held that a sentencer may not refuse to consider, as a matter of law, any relevant mitigating evidence.

"as suffering from PTSD as a result of his horrific childhood." 813 F.3d at 823. The Ninth Circuit noted that this evidence was "central to his plea for leniency, but the Arizona Supreme Court, as a matter of law, gave it no weight." *Id.*

Similarly, as this Court previously noted, Doerr presented evidence of extreme childhood abuse and deprivation, but the state courts, while discussing or "considering" the evidence, gave it no weight or effect as a matter of law because they found no causal connection between the mitigating evidence and the murder. The state courts similarly considered but failed to give effect to evidence of Doerr's alcoholism, low IQ, and brain damage because there was no link between the circumstances and the crime. Again, the Court finds, guided by *McKinney*, that the *Eddings* error, which in effect precluded consideration of Doerr's mitigating evidence, was not harmless.

Based on the foregoing, the Court finds Respondents have not demonstrated a strong or substantial likelihood of success on the merits of their argument. *See Leiva-Perez v. Holder*, 640 F.3d 962, 966–68 (2011). Absent a strong showing that they are likely to succeed on appeal, Respondents are not entitled to a stay. "It is not enough that the chance of success on the merits be 'better than negligible.'" *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Sofinet v. I.N.S.*, 188 F.3d 703, 707 (7th Cir. 1999)). "[M]ore than a mere 'possibility' of relief is required." *Id.*

Under the traditional test, an applicant for a stay must show: (1) a strong likelihood of success on the merits, or (2) a combination of probable success on the merits and the possibility of irreparable injury, or (3) that serious questions are raised and the balance of hardships tips sharply in the applicant's favor. *See Winter*, 502 F.3d at 862. Because the Court finds that Respondents have failed to show, on the first end of the continuum, a strong likelihood of success on the merits, probable success on the merits, or even that serious questions are raised, the inquiry ends. *See Jones v. Ryan*, No. CV-01-00592-TUC-TMB, 2018 WL 5066494, at *11 (D. Ariz. Oct. 17, 2018). The Court need not balance the hardships to determine if a stay should be granted. *Id.*

. . . .

**III.  Conclusion**

For the reasons set forth above, Respondents are not entitled to a stay pending resolution of their appeals.

Accordingly,

**IT IS HEREBY ORDERED** that Respondents' Motion to Stay Court Order of February 3, 2020 (Doc. 191), is denied.

Dated this 5th day of March, 2020.

Honorable John J. Tuchi
United States District Judge